UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEL PLETT, | Case No. 2:23-cv-00683-DJC-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| RELIGIOUS COMMITTEE, | |
| Defendant. | |

Plaintiff brings this section 1983 case against the religious committee at California state Prison-Sacramento. ECF No. 1 at 3. For the reasons stated below, the complaint cannot proceed as currently articulated. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the religious committee at California State Prison-Sacramento violated his First Amendment rights when it denied his request for a religious diet. ECF No. 1 at 3. This claim fails for two reasons.

First, plaintiff has failed to allege sufficient facts to put any defendant on notice as to the specific claims against that defendant. He alleges that he practices some combination of Judaism and Christianity, but he has not explained what his religious beliefs require with respect to meals or how the religious committee failed to accommodate those needs. In grievance documents attached to the complaint, plaintiff appears to request a kosher diet—a request that was referred to the religious committee by a chaplain with a note that plaintiff's beliefs were "not clearly articulated." *Id.* Whatever additional follow-up there may have been to the request is unaddressed.

Second, the religious committee is not a viable defendant because it is not a person within the meaning of section 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823, (9th Cir. 1969) ("[S]tate agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act."). It is, in effect, a committee that is part of the prison itself. Plaintiff may, of course, name and sue the individuals who sit on the committee if he feels they have violated his rights.

Plaintiff may file an amended complaint that addresses these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will issue findings and recommendations that the complaint be dismissed for failure to state a cognizable claim.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: May 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4